| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

| | | |
|---|---|---|
| La Maison Holdings, LLC, | § § § § § § § § § § | |
| Plaintiff, | | |
| versus | | Civil Action H-12-1551 |
| American Risk Insurance Company, | | |
| Defendant. | | |

# Opinion on Partial Judgment

1. *Introduction.*

One of nine buildings in an apartment complex burned, resulting in a loss of $1,200,000. The insurance company paid the owner approximately $800,000, but it refuses to pay for the remaining $400,000. It says that each building had its own policy limit and the building that burned was limited to $763,552. The insurance company will prevail.

2. *Background.*

La Maison Holdings, LLC, owns an apartment complex with nine separate buildings. Beginning on April 6, 2011, American Risk Insurance Company insured that complex. Thirteen days later, one of the buildings burned – a loss of $1,202,972.

American Risk paid La Maison $772,098 for damage to the building, $10,000 for debris removal, and $40,048.48 for lost business income. It has refused to pay La Maison more money because it says each building had a separate recovery limit, and the building that burned was limited to $763,552.

3. *Policy.*

The aggregate policy limit is $5,990,920 for 115,210 square feet of buildings. American Risk says the statement of values sets a separate recovery limit for the burned building. It had 14,272 square feet, valued at $53.50 per square foot, for an insured value of $763,552.

When American Risk sent La Maison its policy, it inadvertently omitted the statement of values and application.[1] La Maison says the policy, by its own terms, only consists of the policy form plus attached declarations and endorsements. Because the separate limits were not "attached," it says there are none.

When an insurance policy is unambiguous, Texas courts may only consider the face of the policy.[2] If the policy is unclear or inconsistent, other evidence may be used. Without the statement of values, this policy is convoluted and contradictory.

When insurers issue coverage without separate underlying limits – blanket coverage – the Texas Insurance Office requires insurers to include Form CP 16 15.[3] La Maison's policy did not have it. Its absence renders La Maison's interpretation of the policy legally incomplete.

Only looking at the face of the policy, the declarations list "ALL" as the building number tied to the aggregate limit of $5,990,920. Without the statement of values, it would be plausible that the policy has a separate limit of roughly $6 million for each of the 9 buildings – an interpretation contrary to the small premiums.

From the face of this policy, it is manifest that a schedule is missing. The court will consider other evidence.

4.  *Intent.*

Only thirteen days before the fire, La Maison and American Risk negotiated the terms of this policy. La Maison wanted lower premiums, so it wrote American Risk saying, "If WE/YOU can accept lower limits, client would like to drop them a bit . . . . Please see SOV – values and footage dropped per client request. Per client, if we can get 3–4k off premium, we would sign today!!"

La Maison's e-mail shows that it understood that the unattached statement of values set limits tied to the square footage of each building. It referred American Risk to the statement of values when it agreed to reduce the dollar limits of its coverage to lower its premiums.

---

[1] Affidavit of Michael Cullick, Page 2, Paragraph 5.

[2] Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co., 267 S.W.3d 20,23 (Tex. 2008).

[3] Insurance Services Office, Commercial Lines Manual Rule, Rule 38(A)(3)(b).

American Risk forgot to attach the statement of values to the policy when it gave it to La Maison. A clerical error may not be exploited.[†] American Risk says that its standard practice is to use the statement of values to establish limits. The certificate of commercial property insurance – a document disclosed by La Maison to third parties to show coverage – also says the policy is not blanket coverage.

Because the evidence shows that the parties contracted for a separate limit for each of the buildings, La Maison will not recover for its damages in excess of $763,552.

5.  Conclusion.

The insurance policy is potentially unclear because of the missing schedule; however, the underwriting documents all show that the parties agreed to a policy with limits for each building based on their square footage.

La Maison has moved for a partial judgment as a matter of law that its recovery under the policy is not limited to $763,552. Because the policy is limited, its motion will be denied. The reciprocal of this denial is that American Risk has already paid what La Maison is owed.

Signed on May 14, 2014, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[†] Beckham v. Scott, 142 S.W. 80, 83 (Tex. Civ. App. – Dallas 1911).